FILED
United States Court of Appeals
Tenth Circuit

October 3, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY DOUGLAS
FRIDLEIFSON,

Defendant - Appellant.

No. 08-4131

(D. Utah)

(D.C. Nos. 2:08-CV-00099-TC and
2:06-CR-00006-TC-8)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

Anthony Douglas Fridleifson seeks a certificate of appealability (COA) to appeal the district court's denial of his motion for relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 motion).  We deny the application for a COA and dismiss the appeal. Mr. Fridleifson has not "made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).

Mr. Fridleifson was indicted in the United States District Court for the District of Utah on six counts of an indictment charging multiple individuals.  He reached an agreement with the government to plead guilty to one count, which charged a conspiracy to distribute a controlled substance.  The government agreed

to dismiss the other charges against him and to refrain from filing a notice of sentencing enhancement under 21 U.S.C. § 851(a) alleging prior felony drug convictions that would mandate a life sentence.  The agreement also provided for a sentence of 180 months' imprisonment under Fed. R. Crim. P. 11(c)(1)(C).  Mr. Fridleifson promised not to challenge his sentence on collateral review and not to appeal his sentence on any ground other than its exceeding the maximum statutory penalty.  After ordering a presentence report (PSR), the district court accepted the plea agreement and sentenced Mr. Fridleifson to a 180-month term.

Mr. Fridleifson then sought relief under § 2255.  His motion alleged ineffectiveness of his trial counsel in a number of respects, including failure to claim a violation of his right to a speedy trial, failure to seek his pretrial release, failure to communicate with Mr. Fridleifson, and failure to inform him that the plea agreement waived his rights to appeal and to raise a collateral attack on his conviction and sentence.  The district court denied the § 2255 motion, holding that relief was barred by Mr. Fridleifson's valid waiver of his right to bring such a motion.

In his pleadings in this court, Mr. Fridleifson contends only that his sentencing range was computed incorrectly in his PSR and that because of his counsel's ineffective assistance in this regard, his sentence should be vacated.  But he reached his plea agreement to a sentence of 180 months' imprisonment (which was ultimately accepted by the district court) before his PSR was

-2-

prepared, or even ordered by the court. Although the PSR calculated a guidelines sentencing range of 188 to 235 months' imprisonment, he was still sentenced to the agreed term of 180 months. The PSR may have influenced the district court's decision to accept the plea agreement. But it could not have played a role in his entering into that agreement. Mr. Fridleifson does not challenge in this court the validity of the plea agreement; and he presents no explanation of how an erroneous calculation in his PSR could have prejudiced him.

Accordingly, no reasonable jurist could dispute that Mr. Fridleifson has not shown any error in the district court's denial of his § 2255 motion. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (setting standard for granting COA). We DENY his application for a COA and DISMISS this appeal.

<div style="margin-left:50%">

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

</div>